IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE L. ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-326-SLP |
| ) | |
| SCHULTE HOSPITALITY GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Waive Bench Trial and Request Jury Trial [Doc. No. 38] filed June 17, 2024. Defendant opposes the requested relief. *See* Def.'s Resp. [Doc. No. 41]. Also before the Court is Plaintiff's Demand for Jury Trial [Doc. No. 55] filed July 29, 2024 and Defendant's Motion to Strike Plaintiff's Demand for Jury Trial [Doc. No. 61]. Upon review and for the reasons set forth, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

In two cursory submissions, Plaintiff demands a jury trial because it is her "constitutional right." *See* Doc. Nos. 38 and 55. But Plaintiff ignores this Court's local rules and the governing Federal Rules of Civil Procedure that demonstrate she has waived her right to a jury trial.[1]

---

[1] The Court is mindful that Plaintiff is proceeding pro se and construes her filings liberally. "But the liberal construction rule does not relieve a pro se party of the duty to comply with the fundamental requirements of procedural rules and substantive law – with respect to those requirements, pro se parties are held to the same standards as attorneys. *Bradford v. Quick*, No. 23-5075, 2024 WL 2938648, at *3 (10th Cir. June 11, 2024) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Defendant filed its Notice of Removal [Doc. No. 1] on April 18, 2023, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff had fourteen days after receiving service of the Notice of Removal to demand a jury trial. *See* LCvR 81.1.[2] Plaintiff failed to timely do so resulting in a waiver of her right to a trial by jury. *See id.* Nor did Plaintiff file a timely jury demand under Fed. R. Civ. P. 38(b), which also serves as a waiver.[3] *See* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed).

Additionally, on August 31, 2023, the parties submitted their Joint Status Report and Discovery Plan (JSR) [Doc. No. 22]. Notably, the JSR requests a "Non-Jury Trial." *Id.* at 1. Thus, Plaintiff affirmatively represented that she waived her right to a jury trial. Thereafter, on August 31, 2023, the Court entered its Scheduling Order [Doc. No. 23] and, as requested by the parties, set the matter for a bench trial on the Court's July 2024 trial docket.[4] Nearly a year passed before Plaintiff filed her demand for jury trial.

Rule 39(b) provides that a court may "on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). But Plaintiff offers no explanation at all to support her belated request for a jury trial. And even if Plaintiff's

---

[2] Plaintiff did not demand a jury trial in state court. *See* Doc. No. 1-2 (state-court Petition).

[3] Rule 38(b)(1) requires that a jury demand on any issue be served within 14 days after service of the "last pleading directed to the issue." Here, the last pleading directed to such issue was the answer filed on August 9, 2023. *See* Doc. No. 17; *see also In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990) (addressing that "the last pleading directed to such issue" will generally be an answer or reply).

[4] The case is currently set on the Court's November 2024 trial docket. *See* Second Amended Scheduling Order [Doc. No. 58].

2

failure to demand a jury trial were due to mere inadvertence, such conduct is insufficient to warrant relief. *See, e.g.*, *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) ("[I]t would not be an abuse of discretion to deny relief pursuant to Rule 39(b) where the failure to make a timely jury demand results from nothing more than mere inadvertence) (citations omitted); *see also West Ridge Group, LLC v. First Trust Co. of Onaga*, 414 F. App'x 112, 116 (10th Cir. 2011) (accord (citing *Dill v. City of Edmond*, 155 F.3d 1193, 1208 (10th Cir. 1998)).

In sum, Plaintiff's untimely demand for a jury trial, her affirmative representation in the JSR that she requested a non-jury trial, and the lack of any reasons to support her belated demand, are sufficient grounds upon which to deny her requested relief. *Cf. West Ridge Group,* 414 F. App'x at 115-117 (trial court did not abuse its discretion in denying motion for jury trial under Rule 39(b) where excuses offered by plaintiff's counsel amounted to inadvertence and counsel did not refute circumstances indicating the plaintiff intentionally waived that right).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Waive Bench Trial and Request Jury Trial [Doc. No. 38] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Demand for Jury Trial [Doc. No. 61] is GRANTED and Plaintiff's duplicative Demand for Trial by Jury [Doc. No. 55] is STRICKEN.

IT IS SO ORDERED this 13th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

4