### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE L. ROWE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHULTE HOSPITALITY GROUP, LLC, )<br>)<br>Defendant. ) | Case No. CIV-23-326-SLP |

### **O R D E R**

Before the Court is Plaintiff's Motion for Reconsideration [Doc. No. 67]. Also before the Court is Plaintiff's Motion for Hearing [Doc. No. 68]. The pending Motions pertain to the Court's Order [Doc. No. 62] denying Plaintiff's belated request for a jury trial after having consented to a non-jury trial. Plaintiff seeks relief pursuant to Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure. Upon review, the Court DENIES the Motions.

Plaintiff's reliance on the Federal Rules of Civil Procedure is misplaced as those rules "recognize no motion for reconsideration." *Hatfield v. Bd. of Cnty Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Indeed, Rule 60(b) "only applies to final orders or judgments." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir.2003); Fed. R. Civ. P 60(b) (stating the court may relieve a party from a "final judgment, order, or proceeding."). Because the Court's Order Plaintiff now challenges is not final, Rule 60(b) is inapplicable. As for Rule 54(b), it simply recognizes that an interlocutory order "may be revised at any time before the entry of a judgment."

Even though the Rules do not expressly recognize a motion for reconsideration, such motions, nonetheless, are permitted because they fall within a court's inherent power to reconsider its interlocutory rulings. *Spring Creek Expl. & Prod. Co. LLC v. Hess Bakken Investment, II, LLC,* 887 F.3d 1003, 1023-24 (10th Cir. 2018) (citing, inter alia, Fed. R. Civ. P. 54(b)). When addressing a motion to reconsider a *final* judgment or order, a district court must apply the well-established standards set forth in *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The movant must show reconsideration is warranted based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012. But a district court need not apply "the *Servants of the Paraclete* principles to its reconsideration of [an] [interlocutory order]." *Luo v. Wang*, 71 F.4th 1289, 1298-99 (10th Cir. 2023). The Court considers these factors, therefore, only as a broad framework for its analysis.

Plaintiff argues that Defendant took advantage of her. She contends that Defendant was aware that Plaintiff wanted a jury trial as evidenced by the motion, *see* Doc. No. 38, that she filed on June 17, 2024. But she provides no factual support for that assertion. More fundamentally, in that very motion, Plaintiff acknowledges that this matter was set, by agreement, for a bench trial as she entitled it "Motion to *Waive Bench Trial* and Request Jury Trial." *Id*. (emphasis added).

As the Court has previously addressed, *see* Order [Doc. No. 62], Plaintiff agreed to a non-jury trial in the Joint Status Report [Doc. No. 22] filed in this case.[1] Nearly a year passed before she filed her motion requesting a jury trial. Additionally, the Amended Scheduling Order [Doc. No. 35] – which Plaintiff now contends prompted the filing of her motion for a jury trial – was entered *in response to Plaintiff's motion* requesting an extension of the scheduling order deadlines. *See* Pl.'s Mot. [Doc. No. 32]. In that motion, Plaintiff expressly stated: "A *bench* trial in this matter is scheduled for July 9, 2024[.]" *Id.* at 1, ¶ 1 (emphasis added). Thus, the record otherwise belies any confusion on Plaintiff's part regarding whether she was aware this case was set for a non-jury trial.[2]

Plaintiff has failed to demonstrate that the Court has misapprehended the facts, her position or the controlling law. Instead, she makes arguments that she could have previously made, but did not. *See Servants of Paraclete*, 204 F.3d at 1012 ("It is not appropriate [in moving for reconsideration] to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." Even considering those arguments, she fails to demonstrate grounds for reconsideration of the Court's Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration [Doc. No. 67] and Plaintiff's Motion for Hearing [Doc. No. 68] are DENIED.

---

[1] The Joint Status Report was filed by Defendant but signed with Plaintiff's permission.

[2] Although not addressed by Plaintiff, the Court notes that the original Scheduling Order contains a clerical error. Consistent with the parties' Joint Status Report, it designates the case as a "Non-Jury Trial" case, but due to the Clerk's clerical error, includes deadlines for the submission of jury instructions instead of findings of fact and conclusions of law. *See* Doc. 23 at 2, ¶ 13. When the Amended Scheduling Order was entered, this clerical error was corrected. *See* Doc. No. 35 at 2, ¶ 14.

IT IS SO ORDERED this 3rd day of September, 2024.

                                                                  SCOTT L. PALK  
                                                                  UNITED STATES DISTRICT JUDGE